JUDGE STANTON

**11 CV 1873**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES PUCKETT,

            Plaintiff,

  -against-

POM RECOVERIES, INC.

            Defendant.
------------------------------------------------------------X

Civil Action No.:

COMPLAINT

DEMAND FOR JURY TRIAL



Plaintiff JAMES PUCKETT ("<u>Plaintiff</u>"), by and through their attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for its Complaint against the Defendant POM RECOVERIES, INC ("<u>Defendant</u>" or "<u>POM</u>"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>"), New York General Business Law §349, and §5-77 of Title 6 of the Rules of the City of New York.

### PARTIES

2.     Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue Apt 2H, Bronx, NY 10462-8066.

3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant POM is a New York Corporation engaged in business of collecting debts with its principal place of business located at 85 East Hoffman Avenue, Lindenhurst, NY 11757.

5. POM is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, an unknown third party original creditor, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to POM for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. In or about February 2011, Defendant began collecting the alleged debt from the Plaintiff by calling Plaintiff and leaving a voicemail message on his telephone ("Message").

13. Defendant's Message is a pre-recorded computer generated communication.

14. Upon information and belief, Defendant's Message is the initial communication between Defendant and Plaintiff.

15. Defendant's Message is the following: "Hello, this is a message for James Puckett. If you are not James Puckett, please hang up or disconnect. If you are James Puckett, please continue to listen to this message. By continuing to listen to this message you acknowledge you are James Puckett. This is a call from POM Recoveries Inc. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 631-761-1042 and reference account number 02842561. Thank you. Goodbye.

16. Plaintiff and his roommate Emile Huggins share the telephone and the telephone number being called by Defendant.

17. Defendant's Message violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Plaintiff's roommate Emile Huggins, who shares a telephone with Plaintiff, checked the telephone messages and heard the Defendant's Message.

18. Defendant's Message caused the Plaintiff deep embarrassment and emotional stress when Emile Huggins inquired as to why the Plaintiff was receiving phone calls from a debt collection company, who POM Recoveries Inc. is, and if Plaintiff is in serious trouble.

19. Defendant violated 15 U.S.C. §1692e-preface and (10); §1692f-preface; and §1692g by being deceptive, misleading and unfair in leaving the Message for Plaintiff and failing to send the debt validation notice within five days of that initial communication as required by §1692g.

20. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's harassment and actions.

21. Defendant violated the FDCPA.

22. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692b.

   b. 15 U.S.C. §1692c(b).

   c. 15 U.S.C. §1692e-preface, and (10).

   d. 15 U.S.C. §1692f-preface.

   e. 15 U.S.C. §1692g.

25. As a result of defendant's violations of the FDCPA, Plaintiff and class members have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. The Defendant violated NYS Gen. Bus. Law §349(a).

28. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## THIRD CAUSE OF ACTION
## NEW YORK CITY UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
## RULES OF THE CITY OF NEW YORK [6 RCNY] § 5-77

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Rules of the City of New York Department of Consumer Affairs (6 RCNY) § 5-77.

31. As a result of Defendant's above violations of the New York City Unfair and Deceptive Trade Practices Act, the Plaintiff and class have been damaged and are entitled to damages in accordance with the New York City Unfair and Deceptive Trade Practices Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JAMES PUCKET demands judgment from the Defendant POM RECOVERIES, INC. as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); New York General Business Law §349; and 6 RCNY § 5-77.

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A); New York General Business Law §349; and 6 RCNY § 5-77;

C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3), New York General Business Law §349; and 6 RCNY § 5-77;

E. Nominal damages;

F. A declaration that the Defendant's practices violated the FDCPA, New York State General Business Law §349; and 6 RCNY § 5-77;

G. Punitive damages pursuant to the state common law claims;

H. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:   New York, New York
         March 15, 2011

      Respectfully submitted,

By: _____
Allison D. Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff JAMES PUCKETT